*326 Opinion of the Court,
by Judge Mills.
THE appellee filed his bill to foreclose a mortgager to secure the purchase money for a house and lot, opined judgments at law on notes for the demand. The appellant answered, resisting the mortgage, and by an answer in the nature of a cross-bill, sought to rescind the contract, and obtained an on the judgments at law. The court, on final hearing, dissolved the injunction, but without damages, and allowed the appellant part of the costs of the-suit, to be set-off against some costs recovered by the appellee, and enforced the mortgage, by decreeing that if the appellee did not pay the amount' ¿ye by the judgments, before a certain day, the estate should be sold by commissioners.
The court permitted the appellant to appeal, on bond with security in a penalty wholly insufficient to cover the judgments at law, which had been enjoined, and only adequate to secure the decree for costs, and the costs and damages which might be awarded) in case of affirmance in this court. The appellee excepted, and has now moved to dismiss the appeal, be *327 cause the bond is not sufficient to secure the whole amount of the judgments at law.
. Idecree^oT & of mortfjlesnoTlu.er the condition-of the bond,
The statute requires that, the bond secu5'e the judgment or deaPPealrom‘
As the motion involves a point of practice not here-' tofore settled, we feel ourselves bound to deliver ’ an opinion at length.
Although there is an injunction, which was ed, yet we do not deem it incumbent on the appellant to give bond with security, in a penalty sufficient to cover the original debt enjoined. This is secured by the injunction bond, and the appeal suspends the tion and keeps the injunction inexistence. ute requires a bond conditioned for the due proseention of the appeal, and to comply with it, this court has determined that the bond must secure the amount the judgment or decree appealed from, and all costs and damages, or any sum that may be awarded in this court, in case the judgment is affirmed or the appeal dismissed, or the appellant is otherwise unsuccessful. judgment or decree, then, is appealed from, in case injunction is dissolved? Certainly not the judgment enjoined. Errors at law therein are released, and day of the appeal, as to that, is long past. The decree,e then, which dissolves the injunction and dismiss the bill, is alone intended, to be secure, and the future decree in this court on the same controversy. This satisfies the law. If damages and costs are given below, by that decree, they must be secured, and the damages on the damages .and costs, which may be given in this court, if there is here an unsuccessful termination thé suit. On this ground, then, the bond is sufficient.
But there is also a decree of foreclosure and sale of the mortgaged premises, and it is insisted that this is virtually a decree for the money due on the mortgage, and that amount ought to be secured. We think differently. Such proceedings on a mortgage, are properly proceedings in rem, and not in personam, vand are brought to subject the mortgaged estate, and against it this decree is rendered. It cannot be contemplated by law, that the bond should secure this real estate or its value, or that accidents of fire and destruction of the estate, are to be provided for in the bond; and this decree is not for the money to which the estate is subjected. Indeed it is yet to be decided in this country, whether, on a bill to subject mortgaged premises, the complainant can get a decree for the amount and have *328 execution thereon, or whether, if the mortgaged estate short °f the debt, the complainant can have a de- ’ cree and execution for the ballance, or whether he is not, in every such instance, bound to resort to his remedy at law.- We need not now decide how the law is on this point; for, whichever way it maybe, this decree is a simple enforcement of the lien against the estate, without a decree for any sum, and therefore, as the estate itself is not to be secured, no greater security is required, than what is already given.
The objections, therefore, made to this bond, are untenable, and the motion must be overruled.